**FILED**

Jan 12 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

3:21-cv-00279-LB (PR)

Jasper Bailey
G 60744
Shasta A-338
P.O. Box 705
Soledad, CA 93960
pro se

United States District Court
Northern District of California

Jasper Bailey
Complainant

vs.

Santa Clara County Superior Court
Respondent

Case No.:

Complaint For Violation Of Federal Civil rights Under 42 U.S.C. #1983

In and before the Honorable judge of the United States District Court, For the Northern District of California, in San-Francisco, California;

I am Jasper Bailey, I am Incarserated a State prisoner, at the Correctional Training Facility in Soledad, California, Currently Serving a Indeterminate life term on Count one, afters Completing Count three Determinate Midterm - one of the only two Counts Convicted by a Jury trial, while also completing the extra and Illegal Count two Midterm in 2014.

1 of 7

1. The criminal judgement started
2. on January 27, 2009 and ended on
3. February 9, 2009.
4. The Jury verdict and conviction
5. of Counts 1 and 3 from 3 initial counts
6. was announced on February 11, 2009; the
7. Counts were Felonies, but without violence
8. in the sentence that was ordered on May
9. 4, 2009, to Count 2 - the illegal count, by
10. Santa Clara County Superior Court - a State
11. Court. From the plea hearing on November
12. 24, 2008, to the Sentencing hearing on
13. May 4, 2009, I plead not guilty to all counts.
14. From 2011 to 2018, I processed post
15. conviction - collateral proceedings with
16. Writ petitions, Motions, Applications and
17. Requests, in States and federal Courts
18. with sufficient and credible supporting
19. Documents which includes Court trans-
20. cripts, Prison records and pre-trial phy-
21. sical documents and testimonies including
22. Forensic DNA July 17, 2008 test results
23. that show a potentially Exculpatory Favor-
24. able evidence to support my claims
25. of not guilty to all counts and charges that
26. were initially brought against me and the
27. Counts that I was found to be guilty, the results
28. was discovered in 2019 from prison records.

Prior to the trial, the arresting officer did not gave me due process, when he did not interview me, he did not produced arrest warrant, he did not read my rights and he altered my accuser's statements after interview and gave 3 felony charges report to the DA Office.

Before and during trial, the public Defender that was introduced by the prosecutor and appointed by the Court to represent me, failed to gave me effective assistance, he compromised my defense and he had conflict of interest - he favors my accuser and he wanted money from me and I could not meet his demand; he was not aggressive against the prosecutor at all.

The prosecutor was bias and did not prosecute the 2008-2009 criminal case fairly, she was partial in prosecuting the case; when she helped the accuser with how to testify on January 28, 2009, at the Foster home.

The trial judge did not judged the case fairly, she judged with prejudice, she interfered with 3 witnesses testimonies - including me, the accuser and her friend; testimonies was very much credible have to have make a difference in the Jury verdict, she was also bias, she was not neutral in her judgement of the 2009 case.

1. During the Jury Instruction on February 9,
2. 2009, and at Sentencing hearing on May 4, 2009,
3. the judge said, Bailey has no prior Criminal and
4. Conviction record, and No enhancements, but
5. then, I was sentenced to Count 2 (enhancement)
6. Consecutive to Count 3 and Consecutive to Count
7. 1; also, I saw in my prison file a Crime
8. For terrorism, when I was never judged
9. or prosecuted for any terrorist Crime.
10. When I discovered forensic DNA test
11. results in 2019, for the test that was done on
12. me on July 17, 2008, I Started the filing
13. process with the State Superior Court in Santa
14. Clara County and after it was denied four
15. times, I proceeded to the 6th Appellate District
16. Court and after it was denied two times, I proceed
17. -ed to the State Supreme Court and when the
18. Court did not agree to review the case, I filed
19. with the United States District Court for the
20. Northern District of California a petition
21. For Writ of Habeas Corpus on June 25, 2020,
22. and when the Court could not make a decision,
23. and I filed a Notice and Request for Ruling on
24. November 29, 2020, the District Court said, my
25. Challenge of the State Courts' denial of my Mo-
26. tion For DNA testing does not fall within the "Case
27. of habeas Corpus" so, the petition was dismissed
28. without Prejudice to bringing a Civil rights

1. Complaint under 42 U.S.C. #1983; the date of the
2. judgements and order was December 4, 2020, but I
3. recieved the order on December 11, 2020.
4.     Today, I bring before this honorable Court, a Complaint
5. for violation of Federal Civil rights under 42 U.S.C.
6. #1983, against Santa Clara County, and Superior
7. Court, for denying my requests (Motion) for DNA
8. testing of potentially exculpatory favorable eviden
9. ce under Penal Code #1405 (a), (f)(4), (f)(5), (j) and 1405
10. -(b)(2). It was my right by law, to request and
11. have a DNA testing of my previous test results
12. which my trial counsel knew about and requ
13. -ested from the prosecution on January 12, 2009,
14. to be introduce, but he kept the information
15. from me, until the discovery in 2019 by me in prison.
16.     This action, is for this Court, to order DNA
17. testing of the previous 2008 Forensic DNA test resul
18. -ts or instruct the State Courts, to appoint Coun-
19. sel to proceed with the process as required by proce
20. -dure to the testing of the 2008 test results that
21. was either suppressed by the prosecutor duri-
22. ng the 2009 trial or not introduced at trial by the
23. trial defense counsel, for the defendant.
24.     All I want, is, DNA testing of the test results,
25. prior to this Motion and complaint, and let the out
26. come determine whether I truly deserve the
27. charges and crime for life time punishment.
28.     My arrest, from unfair criminal investigation,

1  Conviction, Incarseration, Special Circumstances,
2  Illegal enhancement; I will say in this complaint,
3  that damages have been suffered, and under 42
4  U.S.C. #1983 Violation of federal civil rights will give
5  me the relief I need the most. Forensic deoxyribon-
6  ucleic acid (DNA) testing of prior test results.
7  "Cases Supporting 42 U.S.C. #1983
8  Prisoner's Civil Rights Actions"
9  First: Constitutional errors in criminal investiga-
10 tion, arrest, conviction, incarseration and other stages
11 of the criminal justice process can give rise to both
12 habeas corpus claims and civil rights claims for
13 damages or other ~~stages~~ relief under 42 U.S.C.
14 #1983.
15 1) See Morrison v. Peterson, 809 F3d 1059, 1069
16 -70 (9th Cir. 2015). (2) Nettles v. Grounds, 830 F
17 3d 922, 931 (9th Cir. 216) (en banc) (quoting Preiser
18 v. Rodriguez, 411 U.S. 475, 487 (1973).
19 3) In Wolf v. McDonnel (1974) 418 US 539, 554, and Ybarra
20 v. Reno Thunderbird Mobile Home Village (9th Cir. 1984)
21 723 F 2d 675, 681. 4) Under 42 U.S.C. #1983; In Franklin
22 v. ~~[illegible]~~ Oregon (9th Cir. 1981) 662 F 2d 1337;
23 Keaton v. Procunier (9th Cir. 1972) 460 F 2d 477; and
24 Bennet v. Allen (9th Cir. 1968) 396 F 2d 788.
25 5) Wilwording v. Swenson (1971) 404 US 241, 30 L Ed
26 2d ~~[illegible]~~ 418, 421 S Ct 407. 6) Preiser v. Rodriguez
27 (1973) 411 US 475, 490 ~~[illegible]~~
28 ~~[illegible]~~

1. The State Courts' denial of my request for appointment of Counsel to prepare and litigate the filing of a Motion for the testing of a DNA test results was a violation of my federal civil rights under 42 U.S.C. §1983. It was my Constitutional right to request for deoxyribonucleic acid (DNA) testing of my prior DNA test results which was used and conducted by the City of Oakland Police Department on July 17, 2008; I believed that, if the results was tested, the outcome would have shown a different in the case.

2. I requested for Counsel to be appointed by the trial Court that entered the judgement of conviction in my case, because the rule under Section 1405 allow for an indigent defendant/Prisoners, to do so, because I cannot afford the fees for DNA testing and the process involved.

3. To conclude, I pray that the Court will accept this complaint and apply the federal authority it have under 42 U.S.C. #1983, to give the relief that I seek.

I declare under penalty of perjury that all the above is true and correct.

Date: Dec. 31, 2020.   Respectfully,
                       /s/ Bailey
p/s No Servicing due to no
access to Law library.   Jasper Bailey
                         Complainant