UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER BAILEY,<br><br>        Plaintiff,<br><br>      v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT,<br><br>        Defendant. | Case No. 21-cv-00279-HSG<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Correctional Training Facility in Soledad, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff sues Santa Clara County Superior Court for denying his request for testing of potentially exculpatory DNA evidence that was obtained in 2018. He argues that he has a constitutional right to DNA testing but cites to no federal law or constitutional provision in support of this argument.

This action is DISMISSED with prejudice because it is barred by the *Rooker-Feldman* doctrine, which holds that lower federal courts are without subject matter jurisdiction to review state court decisions. Pursuant to the *Rooker-Feldman* doctrine, state court litigants may only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see also Skinner v. Switzer*, 562 U.S. 521, 532 (2011). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). Here, even though Plaintiff casts his claim as a constitutional challenge to the state court's decision, he is challenging the outcome of a state court proceeding, specifically the state court's denial of his request for DNA testing under Cal. Penal Code § 1405. This action is therefore a *de facto* appeal from the decision

of the superior court and federal court review is barred by the *Rooker-Feldman* doctrine. *See Cooper v. Ramos*, 704 F.3d 772, 779-81 (9th Cir. 2012) (holding that it was immaterial that plaintiff had framed federal complaint as constitutional challenge to state court's denial of DNA testing pursuant to Cal. Penal Code § 1405; because plaintiff challenged particular outcome in his state case, challenge was barred by *Rooker-Feldman*).[1]

## CONCLUSION

For the reasons set forth above, this action is DISMISSED with prejudice as barred by the *Rooker-Feldman* doctrine. All pending motions are DENIED as moot. The Clerk shall enter judgment in favor of Defendants and against Plaintiff, and close the file.

**IT IS SO ORDERED.**

Dated:  3/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff also makes numerous challenges to his conviction and to the length of his incarceration. The Court does not address these claims because Plaintiff specifies that, in this action, he is challenging the state court denial of his request for DNA testing. Dkt. No. 1 at 5. To the extent that Petitioner is challenging the legality of his conviction or the duration of his sentence, such a claim must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and not in a Section 1983 action. *See Skinner*, 562 U.S. at 525 (habeas is "exclusive remedy" for prisoner who seeks "immediate or speedier release from confinement;" where prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983."). However, Plaintiff has already filed a habeas petition challenging this conviction, *see Bailey v. Diaz*, C No. 12-cv-1414 CRB (PR) (N.D. Cal.), and is therefore barred from filing a second or successive petition challenging this conviction without first obtaining prior authorization from the Ninth Circuit, *see* 28 U.S.C. § 2244(b)(3)(A).