UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY SUPERIOR COURT,<br><br>    Defendant. | Case No. 21-cv-00279-HSG<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>Re: Dkt. No. 22 |

Plaintiff, an inmate at Correctional Training Facility in Soledad, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. On March 25, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis* (Dkt. No. 17), dismissed the action as barred by the *Rooker-Feldman* doctrine (Dkt. No. 16), and entered judgment in favor of Defendants (Dkt. No. 18). On April 20, 2021, Plaintiff sent the Court a notice of appeal (Dkt. No. 21), and objections to the dismissal (Dkt. No. 22), which the Court construes as a motion for reconsideration.[1][2] For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

**DISCUSSION**

**I.    Background**

In this action, Plaintiff brought suit against Santa Clara County Superior Court for denying

---

[1] The Court affords Petitioner application of the mailbox rule as to the filing of these pleadings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from date prisoner delivers it to prison authorities). It appears that Plaintiff gave these pleadings to prison authorities for mailing on or about April 20, 2020. Dkt. No. 21 at 8; Dkt. No. 22 at 4.

[2] A notice of appeal does not divest the district court of jurisdiction if at the time it was filed there was then a pending motion for reconsideration. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), such a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed no later than twenty-eight days after judgment is entered. *Miller v. Marriott Int'l., Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002).

his request for testing of potentially exculpatory DNA evidence that was obtained in 2018, arguing that he has a constitutional right to DNA testing. Dkt. No. 1. On March 25, 2021, the Court dismissed this action with prejudice as barred by the *Rooker-Feldman* doctrine, which holds that lower federal courts are without subject matter jurisdiction to review state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The Court cited to *Cooper v. Ramos*, 704 F.3d 772, 779-81 (9th Cir. 2012), in which the Ninth Circuit specifically held that challenging a state court's denial of DNA testing pursuant to Cal. Penal Code § 1405 was barred by the *Rooker-Feldman* doctrine, even if the challenge was cast as a federal constitutional issue. *See* ECF No. 16.

## II. Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e), 60(b); *see also School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J*, 5 F.3d at 1263; *accord Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). With respect to a reconsideration motion brought pursuant to Fed. R. Civ. P. 60(b), Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

## III. Analysis

Plaintiff has not specified whether he seeks relief pursuant to Rule 59(e) or Rule 60(b). Regardless, Plaintiff is not entitled to reconsideration pursuant to either Rule. Because Plaintiff argues that the Court erred in dismissing this action, his request for reconsideration can be brought

pursuant to either Fed. R. Civ. P. 59(e) (clear error) or Fed. R. Civ. P. 60(b)(1) (mistake). Petitioner argues that the Court erred in dismissing this action because (1) by citing to Proposition 69, he cited federal law in support of his argument; (2) the Court incorrectly applied the *Rooker-Feldman* doctrine because federal law is the supreme law in the United States and federal courts have jurisdiction over, and the ability to review, any state court rulings, and because state laws are not independent and adequate to prevent federal review; and (3) the Court erred in stating that Plaintiff was not harmed because he specified that he suffered damages and violation of his due process rights as a result of his pretrial arrest, inadequate representation by his trial attorney, and the trial judge tampering with witnesses. Dkt. No. 22 at 3.

Plaintiff's first two arguments are legally incorrect. First, Proposition 69 is a California state proposition which modified state law. Proposition 69 does not confer any rights under federal law or the federal Constitution. Second, while state court litigants may obtain federal review of a state court judgment, they may do so only by filing a petition for a writ of certiorari in the Supreme Court of the United States; lower federal courts, such as this Court, are without subject matter jurisdiction to review state court decisions. *See Feldman*, 460 U.S. at 486-87 (1983); *Rooker*, 263 U.S. at 416. Finally, the Court made no findings regarding whether Plaintiff suffered harm. The Court did not consider Plaintiff's claims regarding his pretrial arrest, the adequacy of his trial attorney's representation, or witness tampering. In dismissing this action with prejudice as barred by the *Rooker-Feldman* doctrine, the Court neither committed clear error nor made any mistake.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED. This case remains closed.

This order terminates Dkt. No. 22.

**IT IS SO ORDERED.**

Dated: May 6, 2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California